UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Cause No. 3:14-CV-1626-RLM |
| | ) | (Arising out of 3:13-CR-117-RLM) |
| WILLIAM SPEYBROECK | ) | |

OPINION and ORDER

William Speybroeck stole Digitrak F1 locators from two of his employers and then listed one of the locators for sale on eBay. Eric Klein agreed to buy the locator and sent Mr. Speybroeck $9,000 via wire transfer. Mr. Speybroeck didn't deliver the locator, so Mr. Klein went to the police. Mr. Speybroeck pleaded guilty to the sole count of the information charging him under 18 U.S.C. § 2314 with unlawful possession or transportation of stolen merchandise. On March 12, 2014, the court sentenced Mr. Speybroeck to 33 months' imprisonment followed by two years of supervised release, restitution in the amount of $9,250, and a fine of $3,000 in addition to the mandatory $100 special assessment. Mr. Speybroeck has filed a motion pursuant to 28 U.S.C. § 2255 requesting that his sentence be vacated, set aside, and corrected.

In his plea agreement, Mr. Speybroeck waived his right to appeal his conviction and sentence and the manner in which his conviction and sentence were determined or imposed,[1] but this waiver didn't include a § 2255 claim of

---

[1] In paragraph 9(e), Mr. Speybroeck agreed: "I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground . . . ." (Doc. No. 2).

ineffective assistance of counsel directly related to the waiver of his appeal rights or the waiver's negotiation. This exception acknowledges that a § 2255 waiver doesn't apply to a defendant's claims that he received ineffective assistance of counsel in negotiating the plea agreement or that the plea agreement wasn't knowingly and voluntarily made. Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). To prevail on an ineffective assistance of counsel claim, the defendant must (1) demonstrate that counsel's performance fell below objective standards of reasonableness, and (2) show that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Yu Tian Li v. United States, 648 F.3d 524, 527 (7th Cir. 2011). In his § 2255 motion, Mr. Speybroeck claims that his attorney's performance was deficient because the court imposed restitution that wasn't mentioned in the plea agreement or at the plea colloquy, he received a six-level enhancement to his offense level, and he didn't receive a third point for acceptance of responsibility.

I. Restitution

Mr. Speybroeck's principal argument is that his counsel was ineffective because the court imposed restitution. He says the plea agreement didn't have a restitution stipulation, and when asked by the court during the plea colloquy whether restitution was implicated, the government said – "No. The property was recovered." (Doc. No. 23). Mr. Speybroeck contends the court's imposition of restitution means the government breached the plea agreement.

The plea agreement said nothing about restitution.[2] And Mr. Speybroeck is correct that at the change of plea hearing the government told the court that restitution wouldn't be an issue. The parties' oversight of the potential restitution is arguably a basis for Mr. Speybroeck to move to withdraw his guilty plea, but that isn't what his § 2255 motion seeks. Mr. Speybroeck wants to be resentenced to a shorter term of imprisonment. The government's statement – that the property had been recovered – overlooked that Mr. Speybroeck had stolen from more than one victim. As noted in paragraph 19 of the presentence report, which was adopted by the court, the Mandatory Victim Restitution Act of 1996 applied to Mr. Speybroeck's offense – unlawful possession or transportation of stolen merchandise, in violation of 18 U.S.C. § 2314 – which was a Title 18 offense against property. 18 U.S.C. § 3663A(c)(1)(A)(ii). Consequently, the court was required to order Mr. Speybroeck to pay restitution to the victims of his crime. 18 U.S.C. § 3663A(a)(1) ("[W]hen sentencing a defendant convicted of [Title 18 offenses against property], the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense . . . ."); United States v. Randle, 324 F.3d 550, 555 (7th Cir. 2003). Mr. Klein was an identifiable victim with a pecuniary loss,[3] and the court had to

---

[2] Paragraph 9(c) reviewed the maximum possible penalty for a violation of 18 U.S.C. § 2314, which was ten years of imprisonment and/or a $250,000 fine, a three-year term of supervised release, and a mandatory $100 special assessment.

[3] The Indiana State Police verified that the locators were returned to the proper businesses – Gordon Engineering and Meade Electric.

impose restitution in order to (attempt to) make him whole again. Moreover, the imposition of restitution didn't affect the court's calculation of the appropriate term of imprisonment. So, the restitution oversight didn't affect the court's determination of Mr. Speybroeck's sentence, and the sentence is what he seeks to change.

## II. LOSS AMOUNT

Mr. Speybroeck also argues his counsel was ineffective because the probation department increased his offense level by six levels. He claims the enhancement breached the plea agreement and resulted in an improper sentence.

The six-level enhancement that Mr. Speybroeck contends was improper related to the loss amount. A loss amount of more than $30,000 but less than $70,000 required a six-level enhancement. U.S.S.G. § 2B1.1(b)(1)(D). The plea agreement didn't specify the loss amount, so the government's proposed loss amount couldn't breach the agreement. In paragraph 9(d) of the plea agreement, Mr. Speybroeck agreed:

> I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, **the adjusted offense level [and] the relevant circumstances in the case** . . . .

(Doc. No. 2) (emphasis added). As Mr. Speybroeck acknowledged, the court determines the adjusted offense level. The loss amount determines the

appropriate increase in the offense level, and hence, the court determines the loss amount.

The presentence report estimated the loss amount attributable to Mr. Speybroeck's thefts to be $49,000 (two locators valued at $20,000 each plus $9,000 cash). Mr. Speybroeck objected to the presentence report's loss calculation. He testified at the sentencing hearing that the locator was only worth $10,000 because it was five to six years old. The government presented evidence that Meade Electric purchased its locator for $17,500 and the locator was worth $15,600 when Mr. Speybroeck stole it. Thus, the government calculated the loss amount to be $40,200 (two locators valued at $15,600 each plus $9,000 cash). The court noted that Mr. Speybroeck's use of the equipment didn't provide him a great deal of expertise in appraising that equipment and his evaluation of the loss amount ignored that he tried to keep both the locator and the $9,000 he had received from Mr. Klein. The court instead relied on the government's evidence of the locator's value and determined the loss amount exceeded $30,000 and the six-level enhancement was proper.

Mr. Speybroeck's attorney objected to the loss amount proposed in the presentence report and presented evidence of a lower value for the locator at the sentencing hearing. Mr. Speybroeck doesn't tell the court how his attorney's performance was deficient; he argues the end result of a six-level enhancement means his attorney was ineffective. His allegation lacks any substance to support his conclusion. The probation officer, counsel for the government, and Mr.

Speybroeck's attorney presented evidence about the loss amount attributable to Mr. Speybroeck's offense, and the court simply disagreed with Mr. Speybroeck's personal valuation of that amount.

III. ACCEPTANCE OF RESPONSIBILITY

Finally, Mr. Speybroeck contends his counsel was ineffective for allowing him to not receive a third point for timely acceptance of the plea agreement. In paragraph 9(g) of the plea agreement, the parties made the following recommendations:

> The government agrees to recommend a two (2) level reduction for acceptance of responsibility pursuant to § 3 E1.1(a). The government further agrees to make a motion under § 3 E1.1(b) for an additional one (1) level reduction for acceptance of responsibility in the event defendant's applicable offense level is found to be a level 16 or greater.

(Doc. No. 2). The base offense level for unlawful possession or transportation of stolen merchandise was six. That level increased by six points for the loss amount and two points because the crime was committed through mass marketing. So, Mr. Speybroeck's offense level was fourteen. As a result, upon recommendation by the government, and as outlined in the plea agreement, the court reduced Mr. Speybroeck's offense level by two levels for his acceptance of responsibility. Under the Sentencing Guidelines, a third point for acceptance of responsibility is only available if the defendant's offense level is sixteen or greater, U.S.S.G. § 3E1.1(b), and the plea agreement reflects this limitation. Mr. Speybroeck's offense level was less than sixteen, so he wasn't eligible for the third point. Had his offense level qualified him for a third point, the plea

agreement bound the government to recommend the three point reduction instead of two (provided Mr. Speybroeck didn't violate the other terms of the provision). Contrary to Mr. Speybroeck's contention, his attorney ensured that if he was eligible, he would have received the third point for acceptance of responsibility.

IV. CONCLUSION

The court DENIES the motion pursuant to 28 U.S.C. § 2255 (Doc. No. 24) and DENIES the motion requesting determination pursuant to Rule 4(b) (Doc. No. 25) as moot.

SO ORDERED.

ENTERED: June 30, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court